Judge Mills
delivered the Opinion of the Court.
Dougherty and wife filed their bill of review, in the court below, against John Morgan, executor of Charles Morgan, stating that the *152 wife before the marriage, had brought a suit in chancery against Charles Morgan, executor of Eppes Littlepage, and the said Charles departed this life, and the suit was revived against his executor John Morgan, and came on to he heard, and the bill was dismissed upon the exhibits filed, and since then tho intermarriage of the complainants look place.
Ot'onnils for the review prajcd for.
Fovru— cin-éreo not i-cvi? ]„¡rt. of tho lull oí reV i'UV .
PcTOurer to tho bill.
Decree of tho court below, and the reasons of Unit court lor tho tamo.
It is improper to reuiVi- a fool deoreo 0n overruling a demurrer,
*152 They charge that from the errors apparent on the face of the decree, and upon the decree of the chancellor, upon the bill, answer and other exhibits filed, they must pray the court to review the former decree, and correct the same; which they conceive must be done, as the defendants answer was unsupported by testimony, upon which tho chancellor could legally render a decree in favor of the statements therein contained.
This is substantially, and indeed almost literally, every charge in this hill of review. The former decree and record of the suit is not made part thereof, or otherwise brought before the court.
To this bill the defendant demurred.
Upon the bearing of this demurrer, the court below not ouly sustained the bill, but without permitting an answer, or any’ further proceedings, decreed at once, a considerable sum to be paid by tho defendant; end, what is more remarkable, an equal sum was decreed to two other persons who are not made parties to tfie hill of review, either as com? pLmants or defendants. The court states in this decree, that on the first hearing, the court had held that a settlement of an estate made with the county court, pending a bill in chancery for the same purpose, was prima facia correct; hut on the hearing of this demurrer, had discovered that this court had decided otherwise, and therefore rendered such decree then as ought to have been rendered in the first instance.
From ibis decree the defendant below appealed.
Without noticing the errors in the details of this decree, which are numerous, or renting on the impropriety of rendering a decree finally, on over- *153 ¡miing a demurrer, we conceive that the bill of review cannot be sustained, and ought to have been dismissed on demurrer.
A biiJ view cannot be maintained upon the: ground that ^-e former ed by evidence.
A bi]] ^ ^ view must * bring the former decree before the ^jnbe°whoI jy defective."
Itisno,t error, a'review, to* dismiss a bill yhbout pre-i'hereVa foot of parties*
Where there ís a defect of courfmay allow time for' the proper Jiade^or^s-miss the bill cording to^ discretion;,
We cannot ascertain certainly by this bill, whether the error complained of is one of law or of fact; but the best inference we can draw, is, that it was an error of fact, because the chancellor had not evidence to support the answer, and it would be difc iicult to find 'a precedent to support such a bill.
, . But whether the bill be one for a review of the .error, either in law or fact, it cannot be sustained, because it does not bring the first decree before court, or in any manner make it a part of the proceedings; nor is there any history given us of the first record, nor can the first record be taken into view in considering this. And for this reason this bill as a bill of review, is wholly defective.
But if in this we should be mistaken, and should be allowed to look into the first record, which is copied with this, and which is identified by the decree, and not by the bill, we discover that there was no error in dismissing the first bill, as the court below seems to suppose. For although the court, as said in the last decree, may have dismissed the first for wrong reasons, yet the dismission is right, It is without prejudice to a future suit. There Were several other defendants entitled, as distribur tees or legatees, to an undivided share of the estate. Process was never served upon them, nor had they appeared. They were, as has been often held, necessary parties.'
The court might have directed the bill to be dis-Blissed, unless they were brought before the court in a reasonable time, and thus have given time to b.ring them in. But that court was not bound to do so, and might at once have dismissed the bill without prejudice, which is no more than was actu-ajly done.
The decree of the court below is, therefore, re-y.ersed with costs, and the .cause is remanded, with *154 directions to sustain the demurrer, and dismiss the bill of review with costs.
Triplett, for- appellants; Crittenden, for appellees.